89 F.3d 841
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
NORTHEASTERN LIVING CENTER, INC., Appellee,
v.
LAKE REGION DEVELOPMENT, INC., a corporation; Marshall
Manor, Inc., a corporation, Defendants,
Robert B. MARX, Appellant,
Janelle E. MARX, Defendant.
NORTHEASTERN LIVING CENTER, INC., Appellee,
v.
LAKE REGION DEVELOPMENT, INC., a corporation; Marshall
Manor, Inc., a corporation, Defendants,
Janelle E. MARX, Appellant.
NORTHEASTERN LIVING CENTER, INC., Appellee,
v.
LAKE REGION DEVELOPMENT, INC., a corporation; Marshall
Manor, Inc., a corporation, Defendants,
Robert B. MARX, Appellant,
Janelle E. MARX, Defendant.
 Nos. 95-2574, 95-2774, 95-3002.
 United States Court of Appeals, Eighth Circuit.
 Submitted June 12, 1996.
Filed June 24, 1996.
 
 Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
 
 
 1
 These appeals result from the debt collection action and bankruptcy proceedings involving Lake Region Development, Inc. (Lake Region), and a Lake Region subsidiary, Marshall Manor Incorporated (Marshall Manor). In 1983, appellants Robert Marx and Janelle Marx both executed personal "Guaranty Agreements" promising to pay any indebtedness owed on behalf of Lake Region and Marshall Manor, in exchange for a $738,000 loan to the corporations. Lake Region and Marshall Manor defaulted on the loan and Northeastern pursued collection. In 1993, following his involuntary bankruptcy, Robert Marx was dismissed as a defendant. Lake Region and Marshall Manor filed petitions for bankruptcy and an adversary proceeding against Northeastern in the Bankruptcy court.
 
 
 2
 The district court[1] withdrew the reference to the bankruptcy court of the bankruptcy proceedings, then conducted a one-day trial in January 1995, addressing both the debt collection proceedings and the bankruptcy proceedings. Following the trial, the district court dismissed the bankruptcy proceedings as filed in bad faith, and found that Lake Region, Marshall Manor, and Janelle Marx were jointly and severally liable to Northeastern for a total of $1,154,959.70. Robert Marx and Janelle Marx have separately appealed various orders entered in the district court. Lake Region and Marshall Manor have not appealed.
 
 
 3
 As to Robert Marx, we affirm the district court's denial of his motion to intervene as untimely. In all other respects, we dismiss his appeal for lack of standing. We deny his motion to supplement the record.
 
 
 4
 As to Janelle Marx, we affirm the district court's judgment and its denial of her Rule 59(a) motion. The record shows she had actual notice of the trial, and the arguments she raises on appeal either were not raised below, challenge the district court's credibility determinations, or raise defenses of the corporate defendants, which she may not raise under South Dakota Law. See United States Fire Ins. Co. v. Kresser Motor Serv., Inc., 26 F.3d 91, 95 (8th Cir.1994); Wilson v. Lambert, 789 F.2d 656, 658 (8th Cir.1986); International Multifoods Corp. v. Mardian, 379 N.W.2d 840, 841-44 (S.D.1985).
 
 
 5
 Accordingly, the judgments are affirmed.
 
 
 
 [1]
 The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota